NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR MARIANO VILLA PRADO, AKA Edgar Mariano, AKA Edgar Mariano Prado, AKA Edgar Mariano Villa, AKA Edgar Marino Villa-Prado, | No. 16-73720 |
| | Agency No. A077-105-141 |
| Petitioner, | MEMORANDUM* |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Edgar Mariano Villa Prado, a native and citizen of Mexico, petitions for

review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

The agency did not err in finding that Villa Prado failed to establish membership in a cognizable social group.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group).  Thus, Villa Prado's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Villa Prado failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico.  *See id.* at 1152 (generalized evidence of violence and crime in Mexico not particular to petitioners

was insufficient to establish CAT eligibility).

**PETITION FOR REVIEW DENIED.**